IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL GALLIEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0301 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
# TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JONATHAN PAUL GALLIEN. By his habeas application, petitioner challenges a December 3, 2003 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offenses of threatening to inflict harm on an officer, a Level 1, Code 4.0 offense. Petitioner was punished with the forfeiture of 180 days previously accrued good time credits.[1]

Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on January 8, 2004. Petitioner then filed a Step 2 grievance which was denied on February 27, 2004.[2] For the reasons hereinafter set forth, it is the opinion of the

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] According to respondent, petitioner filed a subsequent grievance asserting he received ineffective assistance of counsel substitute. Respondent thus concedes petitioner has exhausted his state administrative remedies.

HAB54\DISCIP\R&R\MERITS\GALLIEN.DNYWIT&ATTY:3

undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
### STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 252nd Judicial District Court of Jefferson County, Texas, in cause number 54654, for the offense of possession of a controlled substance: cocaine. Petitioner pleaded guilty to the charges and on April 27, 1992, he was sentenced to a term of imprisonment of twenty (20) years.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
### PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20040090850 in the following respects:

1. His due process rights were violated because he was denied the opportunity to present his statement as documentary evidence, and he was denied the opportunity to call witnesses Sergeant Noe and Officer Ledbetter;

2. The evidence was insufficient to support a finding of guilt;

3. He was denied effective assistance of counsel substitute; and

4. The disciplinary case was filed in retaliation because petitioner requested clean clothes and asserted his right to complain to the charging officer's supervisor.

III.
MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

A.
Right to Cross-Examine Witnesses and Present His Own Statement

Petitioner alleges, as part of his first claim, he was denied the right to read his entire statement into the record at the hearing. However, as argued by respondent, petitioner's statement was contained in the record. The response to petitioner's Step 2 grievance states, "You did submit your statement at your hearing." Additionally, a review of the hearing officer's

notes reflect he did consider petitioner's statement and his version of the events. To the extent petitioner claims he was denied due process because he was not allowed to read his entire statement into the record, such claim is without merit. The hearing officer is within his purview to conduct the administrative hearing so that duplicative or unnecessary evidence is excluded. In this case, petitioner's entire statement was contained in the record, albeit in written form. Any oral presentation of the same evidence would have been duplicative and the hearing officer was entitled to disallow such presentation.

Petitioner also complains he was not allowed to call as witnesses Sergeant Noe or Officer Ledbetter. Petitioner is not entitled to relief on the basis of a denial of these witnesses. The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of these witnesses, if such was erroneous, justifies relief to petitioner. The Disciplinary Hearing Record provided by respondent shows these witnesses were denied as frivolous and/or because they were not present during the incident. If a question is irrelevant, duplicative or otherwise inappropriate, the hearing officer is within his discretion to curtail any such line of questioning, just as in any adversary legal process. Petitioner has not demonstrated how his rights were violated in this instance and his claim should be denied.

B.
Sufficiency of the Evidence

Petitioner next contends the evidence was insufficient to convict him of this incident. It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication. Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense report and the telephone testimony of officer Kreider. According to the hearing officer's records, he relied on this testimony and these documents. This evidence constitutes "some evidence" sufficient to support the disciplinary conviction. Petitioner's claim must fail.

C.
Counsel Substitute

Petitioner alleges his appointed counsel substitute was ineffective for failing to object during the hearing and for sending petitioner misleading information about the charges against him. Petitioner's ineffective assistance claim is without merit. The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing since he was not

entitled to representation. This claim must fail.

### D.
### Retaliation

Finally, petitioner complains the charges against him were retaliatory in nature because petitioner requested clean clothes and asserted his right to complain to the charging officer's supervisor. Such claims allege civil rights violations and are not cognizable in a federal habeas corpus action. The claims must fail.

### IV.
### RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JONATHAN PAUL GALLIEN is without merit and should be, in all things, DENIED.

### V.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).